HENRY L. FISH, et al., Respondents, v. ALICE M. COLVIN, Appellant.

Supreme Court, Fifth Department, General Term, June 22, 1889.

Appeal.—Where the only evidence, given on the trial of the action, to support the plaintiff's claim of employment to sell defendant's property, was obtained by an erroneous ruling upon objection, it is inadequate to sustain the verdict.

Appeal from the judgment of the county court entered on a verdict, and from an order denying defendant's motion for a new trial in an action first tried in a justices' court.

*J. D. Decker*, for appellant.

*P. Chamberlain*, for respondents.

DWIGHT, J.—The action was for broker's commissions in the exchange of the defendant's house and lot in Clarkson for city property in Rochester. The real question in the case was whether the plaintiffs were employed by the defendant to sell or exchange her property, and upon that question the verdict was against the clear weight of the evidence. The defendant, her husband, and his son, a lad of eleven years of age, testify positively that nothing was said to or by the plaintiff, Halsey (and Fish had nothing to do with the transaction) about a sale or exchange of the defendant's property; that the application to him was solely to rent a house from him, as agent for the owner. Moreover, the plaintiff, Halsey, in his own testimony fails to mention any language employed by either party to the transaction which could be construed into evidence of an employment of him, or of his firm, to sell or exchange the defendant's property, until induced by a distinctly leading question of his counsel. That question was objected to as leading and reiterated notwithstanding the objection, which

was finally overruled and an exception taken. He had told his story and made no case of employment by the defendant for any purpose.

Then the question was put to him by his counsel: " Did she say anything to you about wanting you to assist her to trade her house ? " The question was objected to as leading.

Q. What did she say upon that subject, if anything ? The objection was repeated.

By the court—Was there anything further said at that interview? A. Yes, sir ; she said she would like to trade it. Still there was no suggestion of an employment of the plaintiff to make the trade.

Q. About having you trade it for her, what did she say to you on that subject? The objection was renewed, but was overruled and an exception was taken. A. They said they wanted us to sell or trade the property. And this is the only evidence to support the plaintiff's allegation of their employment to make the transaction for which the commission is charged.

We regard it as inadequate to support the verdict and as obtained only by an erroneous ruling upon the objection of the defendant.

The judgment should be reversed and a new trial granted.

Judgment and order reversed, and a new trial granted, with costs to abide the event.

All concur.